# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **NOEL YBARRA, ANTONIO GALLEGOS,** § | |
| **and LINAL LYNN PIERCE,** § | |
| *Plaintiffs,* § | |
| § | |
| v. § | **MO:21-CV-135-DC-RCG** |
| § | |
| **MULHOLLAND ENERGY** § | |
| **SERVICES, LLC,** § | |
| *Defendant.* § | |

## ORDER SETTING STATUS CONFERENCE

This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. (Doc. 5). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned finds it necessary to set this case for a Status Conference.

Accordingly, it is hereby **ORDERED** that a hearing on the status of this case will be held on **Thursday, October 7, 2021 at 1:30 p.m.** via Zoom. The Court will supply the parties with the necessary Zoom meeting information via email at a later date.

**IT IS FURTHER ORDERED** that the parties confer and submit a Joint Report that addresses the following topics no later than **Wednesday, October 6, 2021:**

1. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

2. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

3. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

4. What, if any, discovery disputes exist?

5. Have the parties discussed mediation?

The Court will address the substance of the parties' Joint Report, among other topics at the Status Conference.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed scheduling order to the Court concurrently with their Joint Report. The parties shall confer as required by Federal Rule of Civil Procedure 26(f). The content of the proposed scheduling order shall include proposals for all deadlines set out in the form for scheduling order attached hereto and contained in Appendix "B" to the Local Rules. The parties shall endeavor to agree concerning the contents of the proposed order, but in the event they are unable to do so, each party's position and the reasons for the disagreement shall be included in the proposed schedule submitted to the court. In the event the plaintiff has not yet obtained service on all defendants, the plaintiff shall include an explanation of why all parties have not been served. **The scheduling proposals of the parties shall be considered by the trial court, but the setting of all dates is within the discretion of the Court.** The parties shall indicate in the proposed order that they have in fact conferred as required by the federal rules of procedure.

The proposed scheduling order shall contain suggestions for the following deadlines:

1. The parties shall complete preliminary discovery necessary in aiding the Court's determination of whether a group of "employees" is "similarly situated," if necessary.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties (the standard period being 90 days after the first defendant's appearance), and each opposing party shall respond, in writing (the standard period being 104 days after the first defendant's appearance).

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by (the standard period being 120 days after the first defendant's appearance).

5. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by Federal Rule of Civil Procedure 26(a)(2)(B)** by (the standard period being 90 days before the discovery deadline). Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by Federal Rule of Civil Procedure 26(a)(2)(B)** by (the standard period being 45 days before the close of discovery). All designations of rebuttal experts shall be filed within 14 days of receipt of the report of the opposing expert.

6. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (the standard period being <u>30 days</u>) days of receipt of the written report of the expert's proposed testimony, or within (the standard period being <u>30 days</u>) days of the expert's deposition, if a deposition is taken, whichever is later.

7. The parties shall complete discovery (the standard period being <u>six months</u> after the first defendant's appearance). Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

8. All dispositive motions shall be filed (the standard period being <u>30 days</u> after the discovery deadline). Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to (the standard page limit for this Court is 20) pages in length.

9. The Court will set the case for trial by separate order. The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

It is so **ORDERED**.

SIGNED this 23rd day of September, 2021.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE